**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICA MCCARRICK, | No.  20-17311 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-02652-JKS |
| v. | |
| JANELLE ESPINOZA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted March 11, 2022
San Francisco, California

Before:  WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Petitioner-Appellant Monica McCarrick appeals from the district court's

denial of her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  We

have jurisdiction under 28 U.S.C. §§ 1291, 2253.  We review the district court's

decision to deny a § 2254 habeas petition de novo and its findings of fact for clear

error, *see McClure v. Thompson*, 323 F.3d 1233, 1240 (9th Cir. 2003), and we affirm.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, we cannot grant federal habeas relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In addition, "state court findings of fact are presumed correct unless rebutted by clear and convincing evidence." *McClure*, 323 F.3d at 1241 (citing 28 U.S.C. § 2254(e)(1)). This is a high standard that is meant to be "difficult to meet" because the role of a federal court is limited to guarding against "extreme malfunctions in the state criminal justice systems" and not performing "error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citation omitted). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citation omitted). In this case, the last reasoned decision by a state court is the California Court of Appeal's decision affirming the state trial court's judgment.

On appeal to our court, McCarrick argues that the district court erred in

denying her habeas claim that the state trial court committed instructional error by not modifying CALCRIM No. 627 to permit the jury to consider McCarrick's paranoid delusions in resolving whether she had acted with premeditation and deliberation.[1]  At the outset, we hold that McCarrick's claim is procedurally defaulted and barred from review.  As a threshold matter, federal courts are not allowed to "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  "This rule applies whether the state law ground is substantive or procedural." *Id.*

Here, the California Court of Appeal held that McCarrick forfeited the claim

---

[1] Similar to McCarrick's direct appeal to the California Court of Appeal, her habeas petition before the district court raised three claims: (1) the trial court committed instructional error by not modifying CALCRIM No. 627 to permit the jury to consider McCarrick's paranoid delusions in resolving whether she had acted with premeditation and deliberation; (2) there was no substantial evidence to support the jury's sanity verdict because the jury could not reasonably reject the opinions of three defense experts that McCarrick had been legally insane; and (3) the trial court committed instructional error with its instruction of CALCRIM No. 3450, which instructs the jury on whether a defendant is legally insane.  After denying her petition, the district court granted a certificate of appealability only to the first two claims.  On appeal before our court, however, McCarrick raises the first certified issue as well as the third uncertified issue.  Because the third claim is uncertified, we decline to address it and we decline to expand the certificate of appealability. *See, e.g., Ochoa v. Davis*, 16 F.4th 1314, 1346 (9th Cir. 2021).  Thus, we only address the first certified claim.

because she failed to ask the trial court to modify CALCRIM No. 627 to include delusions. Under California law, "a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language." *People v. Andrews*, 776 P.2d 285, 295 (Cal. 1989). The California Court of Appeal therefore rejected McCarrick's argument on state law grounds. We do not review that decision because it rests on independent, *see, e.g.*, *People v. Williams*, 16 Cal. 4th 153, 208–09 (Cal. 1997), and adequate, *Fairbank v. Ayers*, 650 F.3d 1243, 1256 (9th Cir. 2011), state grounds. *See Coleman*, 501 U.S. at 729–30.

In addition, McCarrick failed to show cause and prejudice to excuse her procedurally defaulted claim. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992) ("[A] court may [] reach the merits of . . . procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims" if a "habeas petitioner shows cause and prejudice." (internal citations omitted) (emphasis removed)). "A showing of cause 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule.'" *Robinson*, 360 F.3d at 1052 (citation omitted). We reject McCarrick's argument that cause and prejudice exist because it would have been futile to ask the trial court to modify the instruction. We agree with the California Court of Appeal that the "record does not support

4

[McCarrick's] contention." The state trial court considered the issue of whether McCarrick can introduce evidence about her fears that her fiancé, Robert Paulson, was going to harm her or the girls, a delusional belief based on paranoia. Referring to this fear, the trial court was unsure whether to call it "hallucination" or "delusion" but ultimately decided it was going to allow McCarrick to present the evidence as "hallucinations" to do with "her belief that the children were in imminent peril of being kidnapped and tortured, and therefore this was her alternative as she saw it." The trial court asked both parties if everyone was on the same page and both parties responded "yes." Thus, it is clear that at the time the trial court made its ruling on the issue, both parties understood that the "hallucinations" in question included McCarrick's delusional beliefs that her children were in danger. Nothing on the record suggests that there is an external factor that impeded McCarrick's efforts to comply with California's procedural rule or that it would have been futile for McCarrick to ask the trial court to modify the instruction to specifically include the word "delusions" alongside "hallucinations." *See Engle v. Isaac*, 456 U.S. 107, 130 & n.36 (1982). Therefore, we conclude that McCarrick failed to establish cause and prejudice to excuse her procedural default.

Moreover, even if McCarrick's procedurally defaulted claim is excused, the district court did not err in denying it on the merits. For the following reasons, the California Court of Appeal decision that the state trial court did not err in failing to

5

modify CALCRIM No. 627 *sua sponte* is not contrary to or an unreasonable application of federal law. In general, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Thus, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Because jury instructions in a state trial are matters of state law, an instructional error "does not alone raise a ground cognizable in a federal habeas corpus proceeding." *Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988) (citation omitted). Rather, "[t]he error must so infect the entire trial that the defendant was deprived of his right to a fair trial guaranteed by the due process clause of the fourteenth amendment." *Id.* (citation omitted). When an instruction is subject to an erroneous interpretation, the "proper inquiry in such a case is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence." *Boyde v. California*, 494 U.S. 370, 380 (1990).

McCarrick's main argument is that hallucinations are clearly different from delusions and that there was a reasonable likelihood that the jury would not consider her irrational belief that Paulson was going to harm her and her children as hallucinations under CALCRIM No. 627. First, it is not clear if the language of CALCRIM No. 627 facially excludes McCarrick's delusional beliefs. CALCRIM

6

No. 627 provides that a hallucination is a "perception not based on objective reality" or in other words when a person is "perceiving something that is not actually present or happening." The definition of hallucination provided to the jury does not expressly limit it to only sensory perceptions not grounded in reality and may very well include her delusional beliefs. Second, the record shows that the jury was repeatedly presented with evidence that McCarrick had irrational beliefs that Paulson intended to harm her and her children. In particular, the defense counsel argued that the hallucination instruction was important because McCarrick had irrational beliefs that Paulson intended to kill her and harm her girls. Furthermore, the State did not challenge that McCarrick's irrational and delusional beliefs are not hallucinations. Rather, the State focused on arguing that McCarrick did not appear to have those irrational beliefs the day of the killings.

Finally, McCarrick has not cited any Supreme Court authority or federal law that distinguishes delusions from hallucinations or held that the California Court of Appeal's ruling is contrary to federal law. Indeed, even if the instruction was an error, the Supreme Court has held that "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). The jury heard three days of testimony from numerous witnesses about McCarrick's irrational fear of Paulson. Considering the heightened standard for habeas review, we conclude that the

California Court of Appeal's decision is not contrary to or an unreasonable application of federal law, as it did not "infect[] the entire trial" resulting in a conviction that violates due process. *Middleton*, 541 U.S. at 437.

**AFFIRMED**.